DANIEL MAPES, JR., *et al.*, as Executors, etc., Appellant, *v.* WALTER CHARLES *et al.*, Respondents.

*Supreme Court, Second Department, General Term, February* 10, 1890.

*Injunction. Trespass.*—Equity will not restrain a single act of trespass, where irreparable damage is not alleged or proved and there is an adequate remedy at law.

Appeal from judgment dismissing complaint.

Action brought by plaintiffs as executors and trustees against defendants as highway commissioners, to restrain them from taking down the fence between lands controlled by plaintiffs and the highway, as an encroachment, and for the alleged purpose of putting down a sidewalk within the line of said fence.

*Baker & Risley*, for appellants.

*H. C. Henderson*, for respondents.

PRATT, J.—There are certain cases in trespass where equity will intervene and prevent, by injunction, a threatened trespass : where a proceeding in equity will prevent a multiplicity of suits, or where the trespass amounts to waste, or where the injury is irreparable, or such an injury as cannot be well satisfied by money damages.

This case falls under no head of equity jurisdiction. The suit only relates to one single act of trespass, and irreparable damage is not alleged or proved. It is clearly a case where the plaintiffs, if right in their contention, have an adequate remedy at law for any trespass that may be committed. While legal and equitable proceedings are blended together, a party, to entitle himself to an equitable remedy, must establish what, under the former practice, would have been an equitable cause of action. This is too familiar to require citation of authorities. If these views are correct, it follows that the complaint was properly dismissed.

Judgment affirmed, with costs.

BARNARD, P. J., concurs.